United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Order Relates To:

J.H. v. Uber Technologies., Inc., et al., No. 3:25-cv-05342-CRB

R.L. v. Uber Technologies, Inc., et al, No. 3:25-cv-05515-CRB

A.E. v. Uber Technologies, Inc. et al., No. 3:25-cv-07668-CRB

Jane Doe LS 333 v. Uber Technologies, Inc. Et al., No. 3:23-cv-05930-CRB

Jane Doe LS 397 v. Uber Technologies, Inc. Et al., No. 3:24-cv-05864-CRB

MDL No. 3084

**ORDER GRANTING MOTION FOR FINDINGS OF CONTEMPT AND TO ENFORCE PRIOR COURT ORDERS**

Dkt. 5520

The Court has considered Uber's Motion for Findings of Contempt (Dkt. 5520), Plaintiffs' Oppositions (Dkts. 5662, 5668, 5690), and Uber's Reply (Dkt. 5752). The Court GRANTS the motion.

The motion relates to five Plaintiffs who are alleged to have submitted non-bona fide receipts of their Uber rides. Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 were ordered to provide responsive documents and appear for depositions in three separate

orders from this Court on September 9, September 22, and November 29, 2025. Dkts. 3876, 3977, 4443. After Plaintiffs failed to provide those documents or appear for depositions, the Court dismissed Plaintiffs Jane Doe LS 333 and Jane Doe LS 397's cases with prejudice. Dkt. 5216. After issuing an order dismissing those cases, the Court again ordered Plaintiffs to either produce the documents or provide a sworn declaration, and appear for a deposition, stating that if they do not do so, they will be found in contempt of Court. Dkt. 5217. Plaintiffs again failed to do either. Dkt. 5520-1.

Plaintiffs J.H., R.L., and A.E. were ordered to file a written response to an order to show cause as to why their claims should not be dismissed, as well as to appear for a deposition. Dkt. 4440. The Plaintiffs did not do so, and the Court again ordered that they appear for a deposition, stating that if they do not appear, they will be found in contempt of Court. Dkt. 5218. Plaintiffs again failed to appear. Dkt. 5520-1. Meanwhile, after the Court's first order to show cause, J.H. voluntarily dismissed her case on December 1, 2025. Case No. 25-cv-5342, Dkt. 6. A.E.'s case was separately dismissed by multiple Court orders for failure to comply with Amended Pretrial Order No. 10. Dkt. 4979, Dkt. 5253, Dkt. 5276. R.H.'s case remains pending.

Uber argues that all five Plaintiffs should be held in civil contempt, and that daily monetary sanctions should be issued to ensure compliance. Dkt. 5520. Plaintiffs argue that contempt is inappropriate because the cases were dismissed, because of potential Fifth Amendment implications, or because Plaintiffs have been unresponsive to counsel. See Dkts. 5662, 5668, 5690.

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted); see also Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) ("Civil contempt occurs when a party fails to comply with a court order."). The Court finds that there is clear and convincing evidence that Plaintiffs violated the Court's orders here: Plaintiffs were ordered to appear for depositions and produce documents or a declaration,

and they did not do so. Although the Court has already dismissed some of the Plaintiffs' cases, it "may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (citations omitted). And potential Fifth Amendment implications do not excuse failure to appear in a civil matter. See Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995) ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."). The fact that the Plaintiffs are not responsive to counsel does not absolve Plaintiffs when counsel notified Plaintiffs of their obligations. See Dkts. 5662, 5668, 5690-1.

For the foregoing reasons, the Court finds that Plaintiffs Jane Doe LS 333, Jane Doe LS 397, J.H., R.H., and A.E are in contempt of Court. The Court orders as follows:

IT IS ORDERED that Plaintiff A.E.'s case, which was dismissed without prejudice by this Court, and Plaintiff J.H.'s case, which was voluntarily dismissed, are converted to dismissals with prejudice.[1]

IT IS FURTHER ORDERED that Plaintiff R.H.'s case is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiffs Jane Doe LS 333, Jane Doe LS 397, R.H., and A.E. are subject to a one-time monetary sanction of $1,000. If any of the Plaintiffs arranges and completes their depositions on or before December 15, 2026, she will mitigate the contempt sanctions imposed by this Order. This monetary sanction shall not apply to J.H., who has voluntarily dismissed her case.

**IT IS SO ORDERED.**

Dated: October 27, 2026

CHARLES R. BREYER
United States District Judge

[1] A.E.'s counsel, Reich & Binstock LLP, states that they released A.E. as a client after the Court's dismissal of her case. The Court directs Reich & Binstock to serve a copy of this Order to A.E.